UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEPHEN A. PILATICH,

                              Plaintiff,

      v.                                   1:10-cv-1340

TOWN OF NEW BALTIMORE, DENIS JORDAN,
as Supervisor of Highways of the Town of New
Baltimore, and WILLIAM M. HAMILTON and
DONNA R. HAMILTON,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      Plaintiff Stephen Pilatich commenced the instant action against Defendants Town of New Baltimore (the "Town") and Denis Jordan (the "Town Defendants") and William and Donna Hamilton claiming that the Town Defendants took his real property without just compensation; the Town Defendants violated his right to equal protection under the law; the Town Defendants have trespassed on his land; and all Defendants have caused a nuisance. Plaintiff seeks damages and injunctive relief. Presently before the Court are Defendants' motions for summary judgment pursuant to Fed. R. Civ. P. 56 seeking dismissal of the Complaint in its entirety.

**I.    FACTS**

      Plaintiff Stephen Pilatich owns property and resides at 62 Jennings Road in the Town of New Baltimore, County of Greene, State of New York. Defendants William and

Donna Hamilton own property and reside at 59 Jennings Road (the "Road") in the Town. Plaintiff's property and that of the Hamilton's are across the street from one another. Jennings Road is a highway by use in the Town. The property deeds indicate that Jennings Road runs along the property line between the Pilatich and Hamilton properties, with the property line being approximately the center of the road.[1]

The Town has maintained Jennings Road (including patching, resurfacing, plowing, and ensuring proper signage) as a Town highway since the 1920s. Historically, the road was a dirt road. The original surface of Jennings Road was determined by the area over which vehicles traveled. In 1998, the Town resurfaced Jennings Road with a stone and oil mixture. The Town contends that the Road's centerline did not change as a result of the 1998 resurfacing. Plaintiff disagrees and maintains that the Road has gradually shifted to the north and the east toward his property.

Between 2000 and 2001, Plaintiff made complaints to Jordan about drainage problems on Jennings Road. In response, the Town undertook some work along the side of Jennings Road, including the construction of ditching. Plaintiff asserts that the Town filled in the previously existing ditch, which has caused fill to be deposited onto his property. In July 2001, Plaintiff requested that the Town install guardrails on his side of the road to prevent the road from moving any further towards his property. This request was denied.

---

[1] Plaintiff admits this fact, but contends that the centerline of Jennings Road has moved towards his property. The "moving" of Jennings Road towards Plaintiff's property is the underlaying basis of his claims.

In 2005, the Road was resurfaced with blacktop. The Town contends that the resurfacing did not change the direction or area of the Road. Plaintiff disputes this. At some point in time, the exact date of which is in dispute, the Hamilton's erected a stone wall on their property near the edge of the road. Sometime thereafter, but no later than 2006, the Hamiltons installed steel posts extending beyond where the stone wall ended.

Since 1998, Plaintiff has complained to Defendant Town Highway Superintendent Denis Jordan concerning the Town's maintenance of the Road and the Hamilton's stone wall and steel posts. Plaintiff has complained that the condition of the road causes sight distance and safety problems and also prevents large trucks from accessing his driveway. The Town recommended that Plaintiff widen his driveway. Plaintiff disagrees that this is a viable solution.

Plaintiff commenced the instant action asserting the following claims: (1) a taking of real property (this claim has now been withdrawn); (2) a denial of his right to equal protection under the law; (3) trespass; (4) damage to property; and (5) private nuisance. Plaintiff seeks damages and injunctive relief directing Defendants to remove the structures installed by the Hamiltons and "correct[ing] and remov[ing] the unauthorized road surface and road drainage from Plaintiff's property."

Presently before the Court are Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12 or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56 seeking dismissal of the Complaint in its entirety. Plaintiff opposes the motions.

**II.     STANDARD OF REVIEW**

Because the motions were properly noticed and filed as motions for summary judgment and because all the parties submitted materials outside the pleadings, the Court will address the motions under the summary judgment standard.

Rule 56 of the Federal Rules of Civil Procedures governs motions for summary judgment. On a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56( c). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant is able to establish a prima facie basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

With these standards in mind, the Court will address the pending motions.

## III.  DISCUSSION

### a.  Statute of Limitations

Plaintiff asserts an Equal Protection claim against the Town.  It is claimed that "the Town and Jordan have intentionally allowed the Hamiltons to place structures and obstructions in the right of way of Jennings Road claimed by the Town.  These structures and obstructions have altered the road bed and right of way of Jennings Road in a manner that affects only the Plaintiff's property, and not the Hamilton property. . . . This differential treatment of Plaintiff and the Hamiltons . . . is not rationally related to any legitimate government policy."  Compl. at ¶¶ 43-46

The Town moves for summary judgment on the Equal Protection claim on the ground that it is time-barred.  The applicable statute of limitations is three years.  Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009).  A § 1983 claim ordinarily accrues when the Plaintiff knows or has reason to know of the harm.  Id.  The proper focus is on the time of the alleged discriminatory act.  Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994).

Plaintiff admits that the Town completed certain of the road work in April 2005. Pilatich Aff. at ¶ 22.  There is no genuine dispute that the stone wall and steel posts were built or placed by the Hamiltons no later than 2006.  Pilatich Aff. at ¶ 21 (referencing Exhibit 3, which is a copy of a photograph taken by Plaintiff in December 2001 in which "two of the Hamiltons' steel posts are visible. . . ."); Pilatich Aff. at ¶¶ 33, 34 ("[I]n the Spring of 2006, the Hamiltons erected two additional steel posts in the right of way of Jennings Road. . . ."). Plaintiff does not identify any posts or walls that were built or placed by the Hamiltons after 2006.  Plaintiff knew of the claimed problems concerning any changes in the roadway or

obstructions built by the Hamiltons by 2004 or August 2007 at the latest. Id. at ¶¶ 40, 42 (observing that trucks could no longer enter his driveway without any problem); id. at ¶¶ 59-62 (identifying "runoff" problems in November 2004 and January 2006). Lastly, Plaintiff concedes that, by letter dated July 24, 2001, he requested that the Town erect guard rails on his side of the Road to prevent any further movement onto his land. Id. at ¶ 35. The Town denied this request.[2] Id. These actions, which are the bases of Plaintiff's claimed harms, all occurred more than three years prior to the commencement of this action in October 2010.

Plaintiff contends that the action is timely because he first learned that the Hamiltons' steel posts were in the Town's right-way when the Town prepared a survey map in 2008. While Plaintiff may have first learned that the Hamiltons' posts were in the Town's claimed right-of-way in 2008 or 2009, the actions and claimed harms (the installation of the posts, the changes to the roadway, the runoff onto Plaintiff's property, and the denial of Plaintiff's request for a guardrail, all of which Plaintiff was well aware), all occurred long before the filing of the Complaint. Accordingly, the Equal protection claim is time-barred.

Assuming the equal protection claim to be timely, it must, nonetheless, fail. "A class-of-one claim exists 'where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" Analytic Diagnostic Labs, Inc. v. Kusel, — F.3d —, —, 2010 WL 3835087, at *4 (2d Cir. Oct. 4, 2010) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed.2d 1060 (2000)). To succeed on a class-of-one claim, Plaintiff must establish that: (i) no rational person could regard the circumstances of the plaintiff to differ

---

[2] This, apparently, is the alleged discriminatory act - allowing the Hamiltons to construct something in the Town's right-of-way while refusing Plaintiff's request to build guardrails.

- 6 -

from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.  Id.

Here, it is claimed that the Hamiltons built a wall and/or steel posts in the Town's right-of-way.  There is no allegation in the Complaint or evidence in the record that Plaintiff attempted to build any structures in the Town's right-of-way, that the Town has otherwise impeded Plaintiff's ability to build any such structures, or that the Town has required him to remove any structures from his property.  Plaintiff does contend that he asked the Town to erect guardrails on his side of the road, but his asking the Town to erect guardrails is different than the Town permitting the Hamiltons to construct their own structures.  The Town never granted a request by the Hamiltons to install a guardrail; indeed, there is no evidence the Hamiltons ever made any such request.  Accordingly, for this reason, the Equal Protection Claim must be dismissed.

## IV.     CONCLUSION

Because Plaintiff has withdrawn the takings claim and the Court has dismissed the Equal Protection claim, there remains no further basis for the exercise of federal jurisdiction. The Court declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, the Court does not address those portions of the motions seeking to dismiss the state law claims.

For the foregoing reasons, Defendant Town of New Baltimore and Jordan's motion for summary judgment is GRANTED IN PART, all claims pursuant to 42 U.S.C. § 1983 are

DISMISSED, and this matter is REMANDED to the New York State Supreme Court, Greene County.

IT IS SO ORDERED.

Dated: January 3, 2011

Thomas J. McAvoy
Senior, U.S. District Judge